IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DORIS SCRAGGS,

        Plaintiff,

v.                               CIVIL ACTION NO.   2:15-cv-11357

NGK SPARK PLUGS (U.S.A.) INC.,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's Motion to Exclude Plaintiff's Expert Witness [ECF No. 31]. The Motion is **GRANTED**.[1]

## I.

This case concerns the plaintiff's allegations that her employer violated the Family Medical Leave Act, but this Memorandum Opinion and Order focuses on a discrete discovery issue. The defendant asks the court to exclude the plaintiff's designated expert, Roger A. Griffith, because the plaintiff did not comply with the rules governing disclosure of expert witnesses and the court's Scheduling Order. *See* Fed. R. Civ. P. 26(a)(2); Scheduling Order [ECF No. 15].

---

[1] The defendant also asks the court to strike the Response [ECF No. 42], which was filed on April 11, 2016, as untimely filed. According to the defendant, because the Motion was filed on March 23, 2016, the plaintiff had to respond by April 6, 2016. This computation of time is incorrect. The response deadline was April 11, 2016, so the Response was timely filed. Fed. R. Civ. P. 6(a), (d); S.D. W. Va. L.R. Civ. P. 5.1(c), 7.1(a)(7); S.D. W. Va. Admin. P. Elec. Case Filing R. 9.6; *see also* Michael E. Rosman, *Counting the Days Gone By: A Eulogy for Former Rule 6(a)(2)*, 159 U. Penn. L. Rev. 635, 639 n.11 (2011).

After the plaintiff filed her Complaint [ECF No. 1-1] in the Circuit Court of Kanawha County, West Virginia, the defendant removed the case to the United States District Court for the Southern District of West Virginia. On September 28, 2015, the court entered the Scheduling Order.

Near the end of October 2015, the plaintiff disclosed that she had retained Griffith as an expert witness. Mot. Exclude Ex. 1, at 2 [ECF No. 31-1]. And on March 4, 2016—the deadline for her expert disclosures—the plaintiff certified service of her expert disclosure. Cert. Service, Mar. 4, 2016 [ECF No. 26]. But she only provided Griffith's curriculum vitae to the defendant. *See* Mot. Exclude Ex. 2, at 1 [ECF No. 31-2]. The defendant then informed the plaintiff that her disclosure was insufficient:

> To date, we have only received a copy of Mr. Griffith's curriculum vitae. We have not received any other information required to be disclosed by Rule 26(a)(2)(B), such as a complete statement of all opinions that Mr. Griffith will express, the facts or data considered by Mr. Griffith, a list of all cases in which Mr. Griffith has testified, or a statement of the compensation to be paid for his opinion testimony.

*Id.*

On March 23, 2016—after the plaintiff failed to address the defendant's concerns—the defendant moved to exclude Griffith because the plaintiff failed to provide an adequate expert disclosure. Finally, on April 8, 2016, the plaintiff disclosed Griffith's "preliminary report," which included a brief "preliminary analysis of [the plaintiff's] unmitigated expected economic loss." Reply Ex. 1, at 1, 3 [ECF No. 43-1]; *see also* Cert. Service, Apr. 8 [ECF No. 40]. By this time, the deadlines for

2

written discovery requests and for the defendant's disclosure of expert witnesses had passed.

## II.

To start, the plaintiff cannot honestly dispute the inadequacy of her disclosures. Parties are required to disclose expert witnesses who may present expert testimony. An adequate disclosure includes the identity of the witness and a report prepared by the witness. Fed. R. Civ. P. 26(a)(2)(B).

The report must contain a complete statement of the expert's opinions, the basis for those opinions, the information considered when forming those opinions, and any exhibits used to summarize or support those opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)–(iii). Along with this opinion-centric information, the report must provide the expert's qualifications, a list of other cases in which the expert testified, and a statement of the expert's compensation in the case. Fed. R. Civ. P. 26(a)(2)(B)(iv)–(vi).

Neither of the disclosures in this case meets these requirements. At first, the plaintiff only disclosed Griffith's name and his curriculum vitae. When the expert disclosure deadline passed, the plaintiff had only provided one of the six required components. Fed. R. Civ. P. 26(a)(2)(B)(iv) (requiring a party to disclose "the witness's qualifications").

Then—more than a month later and faced with a motion to exclude—the plaintiff provided Griffith's "preliminary report." Even assuming this "preliminary report" includes a complete statement of Griffith's opinions, his reasons for

those opinions, the information he considered, and the exhibits used in relation to those opinions, the disclosure remains deficient. *See* Fed. R. Civ. P. 26(a)(2)(B)(v)–(vi) (requiring a party to disclose "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" and "a statement of the compensation to be paid for the study and testimony in the case").

Now the plaintiff attempts to paint her second disclosure—the "preliminary report"—as a supplemental disclosure: "[T]he report was submitted in a supplementary disclosure subsequent to the initial identification of Mr. Griffith as an expert economist." Resp. 3 [ECF No. 42]. The plaintiff misunderstands supplementation under Rule 26(e). A party may supplement an expert report "to correct inadvertent errors or omissions." *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630 (E.D.N.C. 2008). The rule is based on an elementary assumption: the party seeking to supplement the expert report has already disclosed the report. The rule is not a loophole hidden in plain sight—as the plaintiff appears to suggest—permitting a party to provide blatantly inadequate and minimally informative initial disclosures and to follow up with a substantive supplement at his or her pleasure.

Because the plaintiff never disclosed an expert report that complied with Rule 26(a)(2) in the first instance, she had nothing to supplement. So Rule 26(e) provides her no refuge. Accordingly, the plaintiff must face the consequences of failing to comply with the disclosure requirements of Rule 26(a)(2).

## III.

When a party fails to provide information regarding an expert witness or to identify that witness, the penalty is exclusion. Fed. R. Civ. P. 37(c)(1). The sanction is "self-executing," or "automatic," providing "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment. To avoid unduly harsh penalties, there is an exception to the rule of automatic exclusion. Exclusion is not triggered if the failure to disclose is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

At the outset, the plaintiff claims her failure is substantially justified. Whether a failure to disclose is substantially justified turns on "the non-disclosing party's explanation for its failure to disclose the evidence." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). According to the plaintiff, Griffith did not complete his report before the disclosure deadline because the plaintiff "was attempting to obtain personal tax information." Resp. 1.

Suffice it to say, this is not a compelling reason for the plaintiff's failure. At least four months before her expert disclosures were due, the plaintiff knew she was going to present expert testimony on damages through Griffith. *Compare* Mot. Ex. 1, at 2 (disclosing Griffith's name in a filing dated October 30, 2015), *with* Scheduling Order 1 (setting expert disclosure deadline of March 4, 2016). She should have been able to secure and provide to Griffith her own personal records at some time during these four months. And if she could not, the plaintiff had ample time to ask the court

5

for additional time to make her expert disclosures. She did not. Instead, she ignored the Scheduling Order and the Federal Rules of Civil Procedure.

The plaintiff also claims her failures are harmless. Her late and lacking disclosures, she says, will not prejudice the defendant and, even if they do, any prejudice is easily cured because there is still time to depose Griffith. But the plaintiff mistakenly equates "harmless" with "prejudicial." And the harm caused by the plaintiff's failure necessarily prevents it from being harmless.

When evaluating whether an untimely disclosure is harmless, a district court should evaluate "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; [and] (4) the importance of the evidence." *S. States*, 318 F.3d at 597. But a district court is "not *required* to tick through each of the *Southern State* factors." *Wilkins*, 751 F.3d at 222; *see also Hoyle v. Freightliner, LLC*, 650 F.3d 321, 330 (4th Cir. 2011) ("Cases decided subsequent to *Southern States* have not required courts to expressly consider each factor when evaluating discovery violations."). The factors are a guide, a recommendation.

Because the *Southern States* factors are neither mandatory nor afforded certain weight, their helpfulness is undermined. When evaluating a district court's application of a plainly written rule, an appellate court is sometimes inclined to develop a factorial test. Often, these test elucidate; sometimes, as here, they obfuscate.

Take, for example, the first *Southern States* factor—surprise. The court is certainly surprised to learn a party is unable to follow a scheduling order to comply with a common disclosure rule. Shouldn't the party's opponent be surprised by this, too? Or should a party's opponent expect a late disclosure when it knows there will be an expert but a report is not filed before the disclosure deadline? So is there always surprise in cases like this one? Or is there never surprise? It seems this factor is of little assistance given the violation of Rule 26(a) here and is probably better suited for other circumstances.

Anyway, *Southern States* and its offspring emphasize that the harmlessness factors are not mandatory. So a district court's discretion is at its height when the court is deciding whether an untimely disclosure is harmless. When exercising such broad discretion, a district court can weigh and measure the factors as it sees fit, sidelining one and allowing another to star.

With the *Southern States* factors in mind, the court turns back to whether Griffith should be excluded. Above all, the court is concerned with the havoc that would be wrought upon the schedule if sanctions were not imposed. The plaintiff casually claims her untimeliness barely affects the schedule because—at the time she responded to the Motion—the defendant "ha[d] ample time to depose Mr. Griffith" and because "[t]he trial in this matter is not scheduled to commence until August 23, 2016." Resp. 3. By focusing on the deposition deadline and the trial date, the plaintiff does not see how her delay disrupts the entire schedule set for this case:

7

- If the court gives the plaintiff what she wants, the court will have to revive and reschedule the defendant's expert disclosure deadline.

- If the court revives and reschedules the defendant's expert disclosure deadline, the court will have to revive and reschedule the plaintiff's rebuttal expert disclosure deadline.

- If the court revives and reschedules the plaintiff's rebuttal expert disclosure deadline, the court will have to extend the time the parties have to complete discovery.

- If the court extends the time the parties have to complete discovery, the court will need to change the deadline for the filing of dispositive motions.

- And so on.

The court is quite certain that if the dilatory disclosure were permitted, the schedule will be wholly disrupted and the trial will almost assuredly need to be moved.

Further disruption is likely. Based on the representations made to and the information before the court, Griffith's report remains inadequate because it does not include, for example, a list of cases in which he testified as an expert or a statement about his compensation. *See* Fed. R. Civ. P. 26(a)(2)(B)(v)–(vi); *see also* Reply 5 [ECF No. 43] (noting "Plaintiff still has not disclosed a report from Mr. Griffith that complies with Rule 26(a)(2)(B)" even after receiving Griffith's "supplemental report"). Bringing the report into compliance with the rule would require further extensions and modifications to the schedule. This, the court will not entertain.

Quite simply, the plaintiff's untimely disclosure is neither harmless nor substantially justified. Accordingly, the court **EXCLUDES** Griffith pursuant to Rule 37(c).

8

## IV.

The court digresses to address a growing concern.

As of late, more and more cases have presented problems with the application of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the Southern District of West Virginia. Piecemeal disclosure is an increasingly common occurrence, an occurrence that leads to more motions to exclude. Motions to seal have been submitted with little regard for the requirements set out in the Local Rules. S.D. W. Va. L.R. Civ. P. 26.4(b). Motions have been submitted without required memoranda. S.D. W. Va. L.R. Civ. P. 7.1(a)(2). Even the simplest rules about attaching exhibits have been ignored. S.D. W. Va. Admin. P. Elec. Case Filing R. 10.3.2. And on, and on.

As a result, more and more motions on minute matters must be resolved. In some circumstances, motions must be redone and resubmitted. In others, evidence is excluded or a seal is refused. As the court must attend to more of these tertiary matters, it is distracted from others matters closer to the merits of a case. Simply put, an uptick in failures to adhere to scheduling orders and procedural rules wastes the resources of both the court and the parties.

Parties before the court are advised to proceed with greater care and to pay more attention to the relevant rules of procedure.

## V.

The plaintiff has not shown that her failure to disclose expert evidence in a timely fashion was substantially justified or harmless. As a consequence, the plaintiff

cannot offer the expert testimony of Griffith and the court **GRANTS** the defendant's Motion to Exclude Plaintiff's Expert Witness [ECF No. 31].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER:    May 13, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE