IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DORIS SCRAGGS,

        Plaintiff,

v.                           CIVIL ACTION NO.  2:15-cv-11357

NGK SPARK PLUGS (U.S.A.) INC.,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion for Summary Judgment [ECF No. 48] filed by the defendant, NGK Spark Plugs (U.S.A.) Inc. ("NGK"), which is ripe for adjudication. The plaintiff, Doris Scraggs, claims the defendant violated the Family and Medical Leave Act, asserting three different theories of interference in support of its claim. For the reasons set forth below, Defendant's Motion is **GRANTED**.

I.     **Factual Background**

Ms. Scraggs was employed by NGK from August 19, 1996, to January 12, 2015. On January 12, 2015, Ms. Scraggs was terminated under NGK's attendance policy. Ms. Scraggs brings an interference claim against NGK under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA" or "Act").[1]

---

[1] Unless otherwise noted, the following facts are undisputed.

While employed by NGK, Ms. Scraggs often took leaves of absence for both her and her spouse's medical conditions. In addition to scheduled leave, Ms. Scraggs also took intermittent, unscheduled leave under the Act. To use intermittent FMLA leave, Ms. Scraggs would call NGK's "outline" and state the reason for her absence, her shift, and "FMLA." Ms. Scraggs followed this procedure several times in December 2014 and January 2015 to use intermittent FMLA leave.

On January 8, 2015, after calling NGK's outline to use FMLA leave, Ms. Scraggs called Susan Ingram in NGK's human resources department. Ms. Scraggs told Ms. Ingram that she hoped and planned to return to work the next day—January 9, 2015. Ms. Scraggs then asked Ms. Ingram if she was "okay" in regard to her FMLA leave, and Ms. Ingram replied that she was. Mot. Summ. J. Ex. 1, at 183:13–17 [ECF No. 48-1]. At the end of the conversation, Ms. Ingram told Ms. Scraggs that she would "see her tomorrow." Mot. Summ. J. Ex. 14, at 1 [ECF No. 48-14].

Ms. Scraggs did not return to work on January 9, 2015. Ms. Scraggs, believing she was still eligible for FMLA leave, called the outline to use intermittent FMLA leave on January 9, 2015, and again on January 12, 2015. Ms. Scraggs did not call Ms. Ingram on either day.

NGK terminated Ms. Scraggs on January 12, 2015. NGK asserts that Ms. Scraggs exhausted her FMLA leave on January 9, 2015 at 10:00 a.m. Nevertheless, Ms. Scraggs claims that she had FMLA leave remaining at the time of her

2

termination.[2]

## II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make a showing sufficient to establish that element after adequate time for discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

---

[2] As discussed below, this claim is based on a misunderstanding of NGK's FMLA policy.

### III. Discussion

Ms. Scraggs's case turns on whether NGK interfered with rights provided by the Act.[3] However, her claim is split into three theories. To summarize, Ms. Scraggs asserts that NGK interfered with her FMLA rights by terminating her while she had FMLA leave remaining, failing to substitute her paid vacation leave for FMLA leave, and failing to responsively answer her questions about her FMLA rights and responsibilities. NGK argues that Ms. Scraggs's claim, regardless of the theory, cannot survive summary judgment.

The Act protects an employee's right to family and medical leave. The Act's interference provision makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the statute. 29 U.S.C. § 2615(a)(1). To make out an FMLA interference claim, an employee must show that she is entitled to an FMLA benefit, her employer interfered with the provision of that benefit, and that interference caused harm. *Adams v. Anne Arundel Cnty. Pub. Sch.*, 789 F.3d 422, 427 (4th Cir. 2015).

*First*, Ms. Scraggs argues that NGK interfered with her FMLA rights by terminating her while she still had FMLA time remaining. This claim fails because Ms. Scraggs clearly was not entitled to FMLA leave at the time of her termination. Under the Act, an employer must provide each eligible employee with up to twelve workweeks of leave during any period of twelve months. 29 C.F.R. § 825.200(a). An employer can choose from various methods to determine how the period is

---

[3] Ms. Scraggs initially brought both interference and retaliation claims under the Act. Ms. Scraggs has since abandoned her retaliation claim. Resp. 3 n.2 [ECF No. 50].

counted. 29 C.F.R § 825.200(b). Under the rolling method—the method employed by NGK—the period is calculated by looking back twelve months from the date of the most recently requested leave. So "each time an employee takes FMLA leave the remaining leave entitlement would be any balance of the twelve weeks which has not been used during the immediately preceding twelve months." 29 C.F.R. § 825.200(c); *see also* Wage & Hour Div., Dep't of Labor, *Field Operations Handbook* § 39e00b(d) (2013).

Ms. Scraggs admitted, after reviewing and confirming NGK's time records, that she received twelve weeks—480 hours—of FMLA leave for the period prior to January 9, 2015. Ms. Scraggs's argument is therefore based on a misunderstanding of how FMLA entitlement is calculated under the rolling method. Thus, Ms. Scraggs has not created an issue of material fact in regard to her FMLA entitlement.

*Second*, Ms. Scraggs claims that NGK interfered with her FMLA rights by failing to substitute her paid vacation time for FMLA time to cover her absences on January 9, 2015 and January 12, 2015. The Court rejects this argument out of hand. Under the Act, employees cannot substitute paid vacation time for FMLA time if they do not have FMLA time remaining. *See* 29 U.S.C. § 2612(d)(2); *see also* 29 C.F.R. § 825.207(a). Ms. Scraggs did not have FMLA time remaining on January 9, 2015, or January 12, 2015. Accordingly, she was not authorized to substitute paid vacation time for FMLA time on either date.

*Third*, Ms. Scraggs asserts that NGK interfered with her FMLA rights

5

by failing to "responsively answer questions . . . concerning [her] rights and responsibilities under the FMLA." 29 C.F.R. § 825.300(c)(5).[4] Ms. Scraggs claims that Ms. Ingram should have informed her that she only had four hours remaining of FMLA leave during their conversation on January 8, 2015. A violation of section 825.300(c)(5) may constitute interference under the Act. *See* 29 C.F.R. § 825.220(b) (providing that "[a]ny violations" of the Act or its regulations "constitute interfering with, restraining, or denying the exercise of rights" provided by the statute). But Ms. Scraggs cannot establish that NGK violated the provision's requirements.

The Act requires employers to responsively answer questions from employees regarding their FMLA rights and responsibilities. 29 C.F.R. § 825.300(c)(5). During the phone conversation on January 8, 2015, Ms. Scraggs asked Ms. Ingram if she had enough FMLA hours to cover her absences that week, and Ms. Ingram responded that Ms. Scraggs did have enough FMLA hours to cover the days she had been off that week. What is important is what Ms. Scraggs *did not* ask. Ms. Ingram testified that Ms. Scraggs did not ask her how many FMLA hours she had remaining, and Ms. Scraggs, in her deposition, did not dispute Ms. Ingram's assertion. To be clear, while the Act requires employers to answer questions that *are* asked, employers are not under a duty to answer questions that are *not* asked. So Ms. Scraggs cannot demonstrate that NGK violated the requirements of section 825.300(c)(5).

---

[4] Ms. Scraggs incorrectly cites section 825.301(d) of title 29 of the Code of Federal Regulations in support of this theory. This citation would have been correct circa 2006, but the location of certain provisions in the Code of Federal Regulations has changed since then. *Compare* 29 C.F.R. § 825.300(c)(5) (2016), *with* 29 C.F.R. § 825.301(d) (2006).

Accordingly, there remains no genuine issue of material fact in regard to Ms. Scraggs's interference claim.

## IV. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment [ECF No. 48] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

                        ENTER:    July 7, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE